*First District of Criminal Jurisdiction.*
# In the Criminal Court of Schuylkill County.

## COMMONWEALTH *v.* JOSEPH BROWN.

Under the act of 19th April, 1867, the powers and duties of the county commissioners and sheriff were changed, and, with some modifications, transferred to two jury commissioners and the sheriff, *any two* of whom may draw from the wheel the names of persons to serve as jurors.   It follows, that if *any two of the three* may draw, they are also authorized to open the wheel for that purpose, and re-lock and re-seal it again with their respective seals. ·

In the act of re-sealing a jury wheel, the sheriff's seal was placed upon the wheel by a deputy sheriff.   *Held*, there was no irregularity; as the law now stands, the seal of the sheriff was not required.

Homicide.

Opinion delivered October 27, 1873, by

GREEN, P. J.   A motion has been made in behalf of the prisoner to quash the array of grand jurors on the ground that the wheel from which they were selected was not properly secured according to law.   This motion, after argument, has been overruled.   It seems proper that we should place upon record the reasons why the motion has been overruled.

The evidence taken to support the motion, shows that the wheel was sealed with the respective seals of the jury commissioners, and also with the seal of the sheriff—but that the latter seal was placed upon the wheel by the deputy sheriff, the sheriff, Mr. Pitman, being absent at the time when the names were drawn from the wheel and when it was re-sealed.

The testimony leaves us somewhat in doubt, whether this alleged imperfect re-sealing was done before or subsequent to the drawing of this grand jury.   Of course, if it were subsequent, it could not vitiate the panel of jurors drawn previously, but taking for granted that it was previous, we do not think that the omission of the sheriff to impress his seal by his own hand is sufficient ground for quashing the array.

‣   In the first place, does the law require that the seal of the sheriff should be upon the wheel ?   Under the act of assembly of 14th April, 1834, sec. 90, as soon as the jurors names are selected and deposited in the wheel, it is to be locked and secured by sealing wax, and the sheriff and and county commissioners are to impress distinctly their respective seals. Sec. 91 prohibits the opening of the wheel, except by the sheriff, and at least two of the commissioners, and then only for the purpose of drawing jurors or depositing names of jurors therein.   Under the provision of the act of 27th March, 1865, providing for the better and more impartial selection of jurors,   (P. L. 1865, p. 779,) and which was extended to Schuylkill county by act of 19th April 1867, (P. L. 1867, p. 91), the powers and duties of the county commissioners and sheriff were changed, and were with some modifications transferred to the jury commissioners

and the sheriff. The principal changes were that the jury commissioners alone were to select and deposit in the wheel the jurors who were to be drawn, and by the 3rd section, they and the sheriff of the county or *any two of the three* were to draw from the wheel the persons who were to serve as jurors in any of the courts. By the 4th Sec., it is provided that all previous acts of assembly with relation to the custody, sealing, unsealing, locking, and opening of the wheel, and all acts imposing any penalty for anything done or omitted to be done in relation thereto, shall be held to apply to the said jury commissioners and sheriff.

This being the law, it is very evident, that if any two of the three are authorized to draw from the wheel the jurors to be selected, then it may be done in the absence of the sheriff by the two jury commissioners. It must also follow, that if these two may draw, then they are authorized to open the wheel for that purpose, and after the drawing is completed to re-lock and re-seal it again with their respective seals, and we think this is all that is required by the law. Any other construction would render the law practically nugatory.

No drawing could be made except in the presence of the three unless we might suppose that the sheriff might be present at the opening, absent at the drawing, and then, like the harlequin in the pantomime, suddenly reappear at the closing and resealing. But the law does not require anything so unreasonable as this. The reason and spirit of the law is fulfilled when the wheel is secured by the seals of those who are authorized to draw the names from it. If the letter of the law is insisted in, then it may be said that a strict reading and construction of the 90th sec. of the act of 1834 only requires this sealing with the respective seals of the sheriff and the county commissioners "as soon as the selection of jurors and the depositing of their names in the wheel as aforesaid shall be completed." —and that there is no provision in the law for any subsequent re-sealing after the wheel has been once opened for the purpose of drawing jurors. The 91st sect. of the act authorized the sheriff and any two of the commissioners to open the wheel and draw jurors therefrom. How shall it be re-sealed? If the objection of the defendant is worth anything at all then a re-sealing by the sheriff and the two county commissioners is of no validity whatever. All three commissioners must be present and impress their respective seals. This, as we have seen, is contrary to the reason and spirit of the act, and is not required by the letter of the law. It will be further borne in mind that there is no allegation here that the wheel had not three seals, when the names were selected and deposited for the year.

For the reason we have given, it is clear to my mind that as the law now stands, the seal of the sheriff is not required. Upon the previous motion to quash, which was passed upon by the supreme court, the evidence showed that there had been only one seal on the wheel, and that not a distinctive seal. Whilst I was of the opinion then that this sealing was not a compliance with the law, I also came to the conclusion that it was

not sufficient ground for quashing the array and ordering a refilling of the wheel. It is true it was an irregularity, but the evidence showed that the wheel had not been tampered with, or the seal in anywise disturbed. The 93d, 94th and 95th sections of the act of 1834 specify circumstances when the array is to be quashed and the jury wheel emptied and refilled. But this irregularity in the manner of sealing was not embraced in any of the provisions of these three sections, and therefore as the prisoner was not in any way prejudiced by it, I came to the conclusion that it was not a sufficient ground for quashing the array and ordering a refilling of the wheel. In this we were overruled by the supreme court. But the facts of the present case are very different from the previous one, as we have explained and and we think the provisions of the law have been complied with.

Unless the rights of a defendant have been violated or he has in any way been prejudiced, or the provisions of the law have been evidently disregarded, we do not think that courts should lend a very willing ear to objections that are so purely technical in their character. It tends to bring the administration of justice into discredit, and destroys that sense of security, which should always be felt in every law-governed community.